**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CARLOS COLINDRES, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CLAYTON JOSEPH CONSTRUCTION LLC, DENNIS J. GIRNYS, individually, RBS CONSTRUCTION LLC, and MARIO MARTINEZ, individually, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Carlos Colindres, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys, for his Complaint against Clayton Joseph Construction LLC, Dennis J. Girnys, individually, RBS Construction LLC, and Mario Martinez, individually, (collectively, "Defendants") state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendants' failure to pay overtime wages to Plaintiff

1

and other similarly situated persons. Plaintiff and other similarly situated employees worked for Defendants in excess of forty (40) hours per week in one or more individual work weeks but Defendants did not pay them overtime pay at the rate of one and one-half times their regular rate of pay. Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime wage case is attached hereto as Exhibit A.

**THE PARTIES**

2.      Plaintiff resides in and is domiciled within the state of Illinois.

3.      From around March 2009 through around January 2014, Plaintiff performed remodeling work for Defendants, including drywall and framing work, in third-party retail stores located in Georgia, New Jersey, California, New York, and Michigan.

4.      Plaintiff was employed by Defendants as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

5.      During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

6.      During the course of his employment, Plaintiff engaged in commerce and handled goods, including drywall materials and construction tools, which moved in and were produced in interstate commerce.

7.      Defendant Clayton Joseph Construction LLC is a Georgia corporation with its principal place of business located at 276 Arnold Mill Road, Woodstock, Georgia 30188-6038, within this judicial district.

8.      Defendant Clayton Joseph Construction LLC is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

9.      Defendant Clayton Joseph Construction LLC and/or its predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2011, 2012, and 2013.

10.     Defendant Dennis J. Girnys is an owner and shareholder of Defendant Clayton Joseph Construction LLC and is involved in the day to day business operation of Clayton Joseph Construction LLC.  Defendant Dennis J. Girnys has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures.

11.     Defendant RBS Construction LLC is a Georgia corporation with its principal place of business located at 204 Country Trail, Woodstock, Georgia

30188, within this judicial district.

12.     Defendant RBS Construction LLC is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.     Defendant RBS Construction LLC and/or its predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2011, 2012, and 2013.

14.     Defendant Mario Martinez is an owner and shareholder of Defendant RBS Construction LLC and is involved in the day to day business operation of RBS Construction LLC.  Defendant Mario Martinez has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures.

15.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

16.     This Court has jurisdiction over Plaintiff's FLSA claims, which arise

under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

17.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., for Defendants' failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

18.    Plaintiff was regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

19.    Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times the greater of the minimum wage or his regular rate of pay.

20.    Defendants did not compensate Plaintiff at a rate of one and one-half times the greater of the minimum wage or his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

21.    Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

22.     Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

23.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work performed in excess of forty (40) hours per week.

24.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     Grant Plaintiff a trial by jury as to all triable issues of fact;

B.     A judgment in the amount of all unpaid overtime wages due for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

C.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D.     Reasonable attorneys' fees and costs incurred in filing this action; and

6

E.      Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

Dated:  July 3, 2014                                  s/V. Severin Roberts
                                                 One of Plaintiffs' Attorneys


Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Barrett & Farahany, LLP
1100 Peachtree St. N.E., Suite 500
Atlanta, GA 30309
Phone: (404) 214-0120

Douglas M. Werman
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com

Attorneys for Plaintiff