UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS COLINDRES, on behalf of himself and all other persons similarly situated, known and unknown,  )  )  )  )  )  Plaintiff,  )  )  v.  )  )  CLAYTON JOSEPH CONSTRUCTION  ) LLC, DENNIS J. GIRNYS,  ) individually, RBS CONSTRUCTION  ) LLC, and MARIO MARTINEZ,  ) individually,  )  )  Defendants.  )  | Case No. 1:14-cv-2121-LMM |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Carlos Colindres and Defendants Clayton Joseph Construction, LLC and Dennis Girnys (collectively, the "Parties") hereby file this Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice, and state the following:

This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for allegedly unpaid overtime wages. Defendants Clayton Joseph Construction and Girnys (collectively "Defendants") deny Plaintiff's allegations and dispute that they qualify as Plaintiff's employer under

the FLSA for the vast majority of the period of time for which Plaintiff's seeks recovery.

Defendants believe that Plaintiff is not entitled to the entirety of benefits conferred to him in the Parties' Settlement Agreement, and he is receiving compensation he likely would not have recovered had he proceeded to trial.

The Parties recognize the fact-intensive nature of Plaintiff's allegations and the time and expense required continuing to litigate such matters.  In reaching compromise on the FLSA portion of the settlement, the Parties have also taken into account the uncertainty and risks inherent in any litigation, as well as the costs associated therewith, as well as the mutual desire to come to a global resolution of all disputes.

All Parties have been represented by counsel throughout the litigation. Counsel for the Parties are experienced employment attorneys who have each handled a number of FLSA cases during their careers.  Plaintiff's claims involve disputed issues, as reflected by the Complaint and Defendants' Answers.  The Parties exchanged detailed information bearing on the relative merits of Plaintiff's claims for overtime compensation, including extensive written discovery.

In the light of the disputed issues, Plaintiff is satisfied that the amount of the settlement represents a reasonable compromise of his claims.  The Parties agreed to the terms of the settlement at mediation before Magistrate Judge Scofield, III, after they were counseled by their respective attorneys.  Counsel for the Parties agree that the settlement is fair and reasonable to all Parties.  The Parties also attest to the fairness and reasonableness of the settlement and request that the Court approve the settlement and dismiss the action with prejudice.  The Parties' have memorialized their agreement in the attached Settlement Agreement.  *See* Exhibit A.[1]

## MEMORANDUM OF LAW

Due to inequities in bargaining power, Congress and the courts have limited the ability of an employee to waive his or her rights under the FLSA.  There are two ways in which back wages claims arising under the FLSA can be compromised:  (1) a supervised settlement by the Department of Labor or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b).  In this Circuit, the settlement of an FLSA claim requires Court approval.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

---

[1] The Parties' proposed settlement includes a confidentiality provision. Should the Court take issue with the confidentiality clause in this FLSA settlement the Parties respectfully request that the Court approve the settlement, apart from the confidentiality provision.

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. . . .  Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement in litigation.

*Id*. at 1354.

Importantly, throughout the entirety of the resolution process, Plaintiff was represented by competent counsel with experience in this area of law.  Plaintiff's counsel has reached the conclusion that the Parties' proposed settlement represents a fair and reasonable resolution of this claim, rendering the agreement "almost by definition[] reasonable."  *See Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009).  *See also Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food* fairness concerns not implicated where settlement occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel).

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed Plaintiff's regular and overtime hours and pay rate and formulated proposed settlement figures.  The Parties engaged in settlement discussions, based

4

upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during mediation with Federal Magistrate Judge Scofield, III. All parties were counseled and represented by their respective attorneys throughout the litigation, mediation, and settlement process. Plaintiff and a representative of Defendants have signed the Settlement Agreement and Release setting forth the terms of the settlement.

Plaintiff filed this lawsuit on July 3, 2014. Plaintiff claims he was jointly employed by Clayton Joseph Construction LLC, Dennis J. Girnys, individually (collectively "Girnys"), RBS Construction, LLC and Mario Martinez, individually (collectively "RBS"). Defendants provide construction services to third party clients.

Plaintiff alleges that he was hired by Defendant Clayton Joseph Construction on or about March, 2009, and worked for Defendants until January 2014. Defendants dispute that they employed Plaintiff at any time after December 2011.

While working on Defendants' construction projects, Plaintiff was paid an hourly rate of $12.00-15.00 and he contends that he regularly worked unpaid overtime. Specifically, Plaintiff contends that he received his regular hourly rate, rather than time and a half his regular rate, for approximately 1,466.70 overtime hours during the three year period preceding the filing of his Complaint in this action, resulting in a total of $9,430.20 in unpaid overtime compensation.

The Parties' proposed settlement will provide Plaintiff with $10,000.00, less applicable wage withholdings on half of that amount. Thus, Plaintiff is receiving more than the amount of alleged unpaid overtime compensation to which he could be entitled for a three year statutory period if he prevailed at trial.

Pursuant to the proposed settlement, Plaintiff's counsel will receive $14,955.81 in attorney's fees, and be reimbursed $1,044.19 in litigation costs. To date, Plaintiff's counsel have incurred over $29,000.00 in fees in this case, i.e. Plaintiff's counsel are receiving roughly half their lodestar in this case.

## CONCLUSION

As discussed above, counsels for the Parties believe that the settlement is fair and reasonable in light of the disputed nature of the claims, including Plaintiff's exemption status, hours worked, the applicable statute of limitations and rate for calculating damages, the fees and costs associated with prosecuting and defending the action, and the uncertainty of litigation. Accordingly, the Parties jointly and respectfully request that once the Court reviews the agreement, it approves the settlement of this matter and dismisses this case with prejudice.

Dated: April 15, 2015.

| | |
|---|---|
| *s/ V. Severin Roberts* <br> Amanda A. Farahany <br>  Georgia Bar No. 646135 <br>  amanda@bf-llp.com <br> V. Severin Roberts <br>  Georgia Bar Number 940504 | *s/James E. Voyles* <br> James E. Voyles <br> Ga. Bar No. 729016 <br> Monica W. Holbrook <br> Ga. Bar No. 523045 <br> The Voyles Milhollin Law Firm |

6

| | |
|---|---|
| severin@bf-llp.com<br>BARRETT & FARAHANY, LLP<br>1100 Peachtree Street, Suite 500<br>Atlanta, Georgia 30309<br>Telephone:  404.214.0120<br>Facsimile:  404.214.0125<br><br>*Counsel for Plaintiff* | 600 Village Trace, Suite 200<br>Marietta, Georgia 30067<br>Telephone: (770) 421-8883<br>Facsimile: (770) 421-8884<br>voyleslaw@mindspring.com<br>Counsel for Defendant Clayton Joseph Construction, LLC and Dennis Girnys |
| | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CARLOS COLINDRES, on behalf of himself and all other persons similarly situated, known and unknown,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CLAYTON JOSEPH CONSTRUCTION LLC, DENNIS J. GIRNYS, individually, RBS CONSTRUCTION LLC, and MARIO MARTINEZ, individually,** )<br>)<br>)<br>)<br>)<br>**Defendants.** ) | Case No. 1:14-cv-2121-LMM |

## CERTIFICATE OF SERVICE

I certify that on April 15, 2015, I electronically filed the foregoing Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

                                        *s/V. Severin Roberts*
                                        V. Severin Roberts
                                        Georgia Bar No. 940504